SLIP OPINION

Cite as 2013 Ark. 324

# SUPREME COURT OF ARKANSAS

No. CR-12-118

| | |
|---|---|
| RICKEY DALE NEWMAN<br>APPELLANT | **Opinion Delivered** September 12, 2013 |
| V. | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. CR-2001-109] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | <u>REBRIEFING ORDERED</u>. |

## PER CURIAM

Appellant Rickey Dale Newman brings this appeal from the order entered by the Van Buren County Circuit Court denying his petition for writ of error coram nobis. For reversal, Newman contends that (1) the circuit court erred in denying his motion for judgment on the pleadings; (2) the circuit court erred in finding that he was mentally competent at the time of trial; (3) the circuit court abused its discretion by refusing to admit evidence of his innocence; (4) the circuit court erred in finding that the prosecution did not fail to disclose exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 93 (1963); and (5) the circuit court abused its discretion by refusing to consider alleged *Brady* violations in addition to those contained in the petition for writ of error coram nobis. We order rebriefing because Newman's abstract and addendum are deficient.

Newman is currently under sentence of death upon his conviction of capital murder in 2002. This court previously granted his petition to reinvest jurisdiction in circuit court

SLIP OPINION

to proceed with a petition for writ of error coram nobis on two grounds: (1) whether Newman was mentally competent at the time of trial; and (2) whether the prosecution failed to disclose exculpatory information in violation of *Brady*, *supra*. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. This appeal arises from the circuit court's denial of the petition.

Arkansas Supreme Court Rule 4–2(a)(5) (2012) requires an abstract of stenographically reported material that is essential for the appellate court to understand the case and to decide the issues on appeal. With regard to pro se appellants who are incarcerated and pursuing postconviction relief, our rules instruct that material parts of a prior trial must be abstracted when important to an understanding of issues raised on appeal. Ark. Sup. Ct. R. 4–7(c)(1)(A) (2012). No less is required of those who are represented by counsel.

Newman's first issue on appeal is that the circuit court erred in denying his motion for judgment on the pleadings. In that motion, he asserted that the judge who presided over his trial was presented with abundant evidence of his bizarre and irrational behavior that should have caused him to entertain serious doubt about his competency and that, based on the record of trial, he was entitled to coram-nobis relief without the necessity of any further hearing on the issue of his competency. Addressing this issue on the merits requires this court to consider the record of trial. However, Newman has neglected to provide an abstract of the trial.

An abstract of the trial record is also necessary for a proper evaluation of Newman's *Brady* claims. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeachment; (2)

2

the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. With respect to a showing of prejudice, it must be determined that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id*. This court cannot gauge prejudice without having an abstract of the trial proceedings.

In addition to these abstracting deficiencies, Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) requires an appellant's addendum to include all related briefs concerning the order, judgment, or ruling challenged on appeal. *Kennedy v. Morales*, 2013 Ark. 41. However, Newman failed to include in the addendum the parties' posthearing briefs that were submitted to the circuit court for use in making its decision.

Newman's abstract and addendum are inadequate. Accordingly, Newman has fifteen days from the date of this order to file a substituted abstract and addendum that comply with our rules. Ark. Sup. Ct. R. 4-2(b)(3). Further, we encourage Newman to review our rules to ensure that no additional deficiencies are present.

Rebriefing ordered.


*Julie Brain*, Delaware Federal Defender Office, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.