SLIP OPINION

Cite as 2014 Ark. 433

# SUPREME COURT OF ARKANSAS

No. CR-13-1074

| | |
|---|---|
| EARL DELMAR PIGG<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered October 23, 2014<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17-CR-2012-35]<br><br>HONORABLE GARY COTTRELL, JUDGE<br><br>AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

A jury empaneled in the Crawford County Circuit Court found appellant Earl Delmar Pigg guilty of eleven counts of rape and one charge of interference with custody. The jury fixed Pigg's sentence at a term of life in prison for each rape conviction and imposed a ten-year sentence for the offense of interference with custody. As recommended by the jury, the circuit court ordered all sentences to be served consecutively. For reversal, Pigg challenges two evidentiary rulings made by the circuit court. He contends that the circuit court erred (1) by denying his request to question one of the victims concerning her belief that Pigg was responsible for the arrest of another person, and (2) by sustaining the State's objection to testimony that the other victim attempted to coach another child to make false accusations against Pigg's daughter. We affirm Pigg's convictions and sentences.

Our review discloses that the prosecuting attorney in Crawford County charged Pigg with multiple counts of rape in violation of Arkansas Code Annotated section 5-14-

SLIP OPINION

103(a)(3)(A) (Repl. 2013). Under this section of the code, a person commits the offense of rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. According to the evidence presented at trial, A.S., a female minor, was the victim of ten counts of rape, while W.S., her younger sister, was the victim of a single count of rape. Both girls were friends of Pigg's daughter. At trial, the testimony revealed that Pigg engaged in a five- or six-year sexual relationship with A.S. and that he digitally penetrated W.S. on several occasions.

The prosecuting attorney also charged Pigg with interference with custody, a violation of Arkansas Code Annotated section 5-26-503 (Repl. 2013). As to this charge, the State presented evidence that Pigg took A.S. and W.S. on an overnight trip to Fayetteville without the permission or knowledge of their grandmother, who had custody of them.

As his first point on appeal, Pigg contends that the circuit court erred by denying his motion to admit testimony under the rape-shield statute. He contends that the proposed testimony was relevant and admissible under the statute because it would have exposed a motive for A.S. to accuse him of raping her.

Pigg advanced this issue in a pretrial motion. At the hearing, Pigg's counsel advised the circuit court that the proposed testimony concerned A.S.'s youth minister who had been convicted and sentenced to a six-year term of imprisonment for sexually abusing her. Defense counsel explained that Pigg believed that A.S. thought that Pigg and his girlfriend had reported the minister's actions to the police and that A.S. was accusing Pigg of raping her in retaliation for making the report. Counsel proposed to not mention the sexual component

of the minister's offense and to ask A.S. simply whether the minister had been convicted of a crime and whether she believed that Pigg and his girlfriend had been the ones who had reported the minister to the police. The circuit court denied the motion, ruling that Pigg's motive in pursuing this line of questioning was solely to unveil a sexual relationship between A.S. and the minister.

The rape-shield statute provides that evidence of specific instances of the victim's prior sexual conduct with any person is not admissible by the defendant, either through direct examination of any witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim or for any other purpose. Ark. Code Ann. § 16-42-101(b) (Repl. 1999). An exception is granted where the circuit court, at an in camera hearing, makes a written determination that such evidence is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial nature. *Stewart v. State*, 2012 Ark. 349, 423 S.W.3d 69. The statute's purpose is to shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the pending charges, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *McCoy v. State*, 2010 Ark. 373, 370 S.W.3d 241. We have held that evidence intended to impeach a victim's credibility is improper under the rape-shield statute, especially in cases where the defendant is accused of raping someone under the age of fourteen, because "[w]hen consent is not an issue, whether the victim had sexual relations with another person is 'entirely collateral.'" *Vance v. State*, 2011 Ark. 392, at 7, 384 S.W.3d 515, 519–20 (quoting *M.M. v. State*, 350 Ark. 328, 333, 88 S.W.3d 406, 409 (2002)). The circuit court is vested with a great

deal of discretion in determining whether the evidence is relevant, and we will not overturn the circuit court's decision unless it constituted clear error or a manifest abuse of discretion. *Woodall v. State*, 2011 Ark. 22, 376 S.W.3d 408.

In support of his argument on appeal, Pigg relies on this court's decision in *State v. Rapp*, 368 Ark. 387, 246 S.W.3d 858 (2007). There, the State had brought an interlocutory appeal to challenge the circuit court's decision to allow cross-examination of the minor victim regarding her father's convictions for sex offenses. The circuit court considered the testimony relevant to the issue of the child's credibility and trustworthiness as a witness, but under the circuit court's ruling, defense counsel was not permitted to mention the fact that the child had been the victim of her father's abuse. We dismissed the appeal because, pursuant to Arkansas Rule of Appellate Procedure–3(a)(3), the State may only appeal a circuit court's decision that grants a defendant's motion under the rape-shield statute and when the circuit court allows the defendant to delve into evidence of the victim's prior sexual conduct. Because the circuit court actually disallowed evidence of the victim's previous sexual conduct, we considered the appeal improper.

Based on *Rapp*, Pigg contends that the circuit court erred by not allowing him to ask A.S. whether she believed that Pigg had reported the youth minister to the police because Pigg did not intend to disclose that the minister's conviction concerned a sexual offense involving A.S. We need not decide whether the circuit court erred because any error in the exclusion of the testimony was harmless, given the overwhelming evidence of guilt. A.S.'s testimony, in detail, revealed that Pigg had sexual relations with her for five to six years

beginning when she was eleven years old. Pigg's daughter and W.S. witnessed some of the sexual activity, which they described in their testimony. In addition, expert testimony disclosed that A.S. had a deep notch in her hymen, which was suggestive of sexual abuse or penetrating trauma. Moreover, the jury heard the testimony of Pigg's niece who said that Pigg had molested her when she was eight years old. Even when a circuit court errs in making an evidentiary decision, we may declare the error harmless and affirm if the evidence of guilt is overwhelming and the error is slight. *See Johnston v. State*, 2014 Ark. 110, 431 S.W.3d 895. We conclude that the evidence of guilt in this case is so overwhelming that any error in the exclusion of the proposed testimony is harmless.

Next, Pigg asserts that the circuit court erred by sustaining the State's hearsay objection to Pigg's testimony concerning a conversation that he overheard between W.S. and another child. Pigg contends that the testimony was not hearsay because it was not offered for the truth of the matter asserted. He also points out that he relayed his account of the conversation to the police when he gave his statement, which had already been introduced into evidence. In response, the State contends that Pigg's arguments are not preserved for appeal.

The record reflects that the following transpired during Pigg's direct testimony:

PIGG: The time, [W.S.] was kicked out was the latter part of '09. She – – They were swimming during the summer months, I believe it was around August/September of '09. We had a pool out back, and it was getting about time to feed these girls and the kids and – – and what not. I went insi[de] – [A.] – is her niece; she was five years old at the time. [W.S.] had taken [A.] in, to use the bathroom. I had stepped across the hallway, past the bathroom, to the closet, to get everybody's towels. As I walked past the closet, I heard [A.] . . .

PROSECUTOR: I'll object to hearsay, Your Honor.

THE COURT: Be sustained. You can't testify about what somebody else said. Pick it up Mr. Griggs.

PIGG: Okay.

THE COURT: Pick it up, Mr. Griggs

DEFENSE COUNSEL: Okay. . . . Did she try to get someone to make accusations against [H.P.]?

PIGG: Yes, she did. She tried to get . . .

PROSECUTOR: Objection, Your Honor. That's hearsay.

DEFENSE COUNSEL: Okay, all right.

As is shown by the record, the State is correct that Pigg did not assert the arguments that he now raises on appeal. Clearly, Pigg did not contend that the testimony was not hearsay, nor did he offer any reason why the testimony was not objectionable. We have prohibited appellants from raising arguments on appeal that were not first brought to the attention of the circuit court. *Tavron v. State*, 372 Ark. 229, 273 S.W.3d 501 (2008). Also, an appellant is limited by the scope and the nature of the arguments and objections presented at trial. *Allen v. State*, 374 Ark. 309, 287 S.W.3d 579 (2008). We hold that Pigg's argument is not preserved for appeal. Therefore, we need not decide whether the circuit court's ruling was in error.

In compliance with Arkansas Supreme Court Rule 4-3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant. From this review, no prejudicial error has been found.

Affirmed.

*Joseph C. Self*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.