SLIP OPINION

Cite as 2016 Ark. 108

# SUPREME COURT OF ARKANSAS.
**No.** CR–15–519

| | |
|---|---|
| EARL DELMAR PIGG APPELLANT | **Opinion Delivered** March 10, 2016 |
| V. | PRO SE APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR-12-35 & 17CR-12-417] |
| STATE OF ARKANSAS APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Earl Delmar Pigg was found guilty of eleven counts of rape of a victim who was less than fourteen years of age and one count of interference with custody. Pigg received consecutive life sentences for all eleven counts of rape and an additional term of 120 months' imprisonment, also to be served consecutively to the life sentences, for the interference charge. This court affirmed the judgment. *Pigg v. State*, 2014 Ark. 433, 444 S.W.3d 863. Pigg filed in the trial court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015). Following an evidentiary hearing, the court denied relief, considering both the original petition and a supplemental petition, and Pigg brings this appeal. We affirm the order denying postconviction relief.

This court will not reverse a trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. A finding is clearly erroneous when, although there is evidence to support it, the appellate

court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Pigg alleges seven points for reversal.[1]

In his first point on appeal, Pigg contends that the trial court failed to provide the findings of fact and conclusions of law required under Arkansas Rule of Criminal Procedure 37.3. When the trial court does not summarily deny relief on a Rule 37.1 petition without a hearing under Rule 37.3(a), the court must determine the issues and make written findings of fact and conclusions of law with respect to those issues. Ark. R. Crim. P. 37.3(c). This court has consistently remanded when the trial court failed to enter any written findings following a hearing, and we remand when the findings provided are not adequate for our review. *Magness v. State*, 2015 Ark. 185, 461 S.W.3d 337 (per curiam).

When the trial court provides written findings on at least one, but less than all of the claims in the petition, however, the appellant has an obligation to obtain a ruling on any omitted issues to be considered on appeal. *Id.* Any claim on which the appellant failed to obtain a ruling is procedurally barred from our review. *Fisher v. State*, 364 Ark. 216, 217 S.W.3d 117 (2005). The trial court provided written findings. Although Pigg contends that the trial court's findings on the issues were conclusory, as we discuss in turn below, the court's findings are adequate for our review of those remaining issues that were addressed by the trial court and raised on appeal.

---

[1]Pigg raises additional points and issues in his reply brief. We decline to address those issues. This court has repeatedly held that an argument cannot be raised for the first time in a reply brief. *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003).

SLIP OPINION

The other points raised in Pigg's brief-in-chief address his claims of ineffective assistance of counsel. Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Mister v. State*, 2014 Ark. 446. Unless a petitioner makes both showings, the allegations do not meet the benchmark for assessing a claim of ineffective assistance. *Houghton*, 2015 Ark. 252, 464 S.W.3d 922.

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. A petitioner, in claiming deficiency, must show that counsel's representation fell below an objective standard of reasonableness, and this court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* A petitioner has the burden of overcoming the presumption that counsel is effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's alleged errors in order to meet the second prong of the test. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* In assessing prejudice, courts "must consider the totality of the evidence before the

judge or jury." *Rasul*, 2015 Ark. 118, at 7, 458 S.W.3d at 727 (quoting *Strickland*, 466 U.S. at 695).

In his first claim of ineffective assistance, Pigg appears to concede that the trial court correctly determined counsel was not ineffective for failing to request a hearing for admission of evidence under the rape-shield statute. In its order denying relief, the trial court found that counsel had sought such a hearing, and, albeit unsuccessfully, sought to have the evidence admitted. The record supports that conclusion.

Pigg consolidates his arguments for his next two points on appeal. Both concern Pigg's allegations that trial counsel failed to perform an adequate investigation into potential witness testimony or defenses. The trial court found that the witnesses that Pigg contended counsel should have investigated and called were identified to counsel only after trial had begun and that the witnesses' testimony would have been inadmissible hearsay. The trial court further found that Pigg never identified another defense that counsel might have pursued. On appeal, Pigg contends that, contrary to the trial court's findings, he demonstrated that counsel could have used these witnesses in support of a defense theory positing that the victim had concocted the accusations against Pigg in retaliation for Pigg's having caused charges to be brought against a youth minister who was convicted of a sex offense involving the victim. Although Pigg contends the trial court erred in failing to find counsel's actions were not ineffective, we conclude that the trial court correctly found that Pigg did not demonstrate prejudice.

In reviewing an assertion of ineffective assistance of counsel based on failure to investigate, a petitioner must describe how a more searching pretrial investigation would

have changed the results of his trial. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. The burden is entirely on the claimant to provide facts that affirmatively support his claims of prejudice. *Id.* Under the circumstances of this case, Pigg failed to meet this burden. He did not demonstrate that presenting the defense that he contends counsel should have investigated and presented would have changed the outcome of the trial.

The evidence at Pigg's trial included testimony from A.S. and her younger sister, W.S., who were friends with Pigg's daughter. A.S. testified that she had an ongoing sexual relationship with Pigg that began when she was eleven or twelve. A.S. testified that Pigg proposed marriage and gave her a ring on a trip to Fayetteville that she took with Pigg, Pigg's daughter, and W.S. W.S. and Pigg's daughter both testified to having witnessed the marriage proposal and to having previously witnessed oral sex between Pigg and A.S. W.S. testified that she had been digitally penetrated by Pigg. Pigg's daughter's mother also described the relationship between Pigg and A.S., and, consistently with the girls' testimony, she stated that she had noticed inappropriate behavior between the two that was indicative of a sexual relationship. She testified that Pigg had demanded that she begin sleeping in a guest room so that A.S. could sleep with Pigg.

An investigating detective, Jonathan Wear, testified that A.S. was wearing a ring that she said Pigg had given her, and the ring was introduced into evidence. Wear also testified that Pigg had fled on his motorcycle when Wear and another officer tried to arrest him, that Pigg crashed the motorcycle, and that a phone was confiscated at the crash scene. The phone had numerous pictures of A.S., texts with A.S., and a video of A.S. dancing that were all introduced into evidence.

One of the girls' friends testified that she had accompanied Pigg and A.S. on a trip to Branson, Missouri, where she observed A.S. holding hands with Pigg and A.S. dancing in the video. The friend testified that they had told A.S.'s grandmother, who was A.S.'s guardian, that they were going to visit an aunt of the friend because A.S. was not supposed to be with Pigg. They had taken a picture with a stranger to aid in this deception. Her description of the trip was consistent with the other witnesses' testimony.

In addition, there was expert testimony that A.S. had physical signs suggesting sexual abuse, and testimony from Pigg's niece that Pigg had molested her when she was eight years old. As we noted in our opinion on direct appeal, the evidence of guilt at trial was overwhelming.

Pigg's arguments—his assertion that he was prejudiced by counsel's failure to present evidence that A.S. was motivated to lie because of her belief that Pigg had reported the youth minister to the police—fail because A.S.'s testimony was abundantly supported by independent evidence. As we previously determined, the evidence in this case was so overwhelming that no prejudice would have resulted from the failure to present evidence of A.S.'s motivation to lie or from a failure to use the theory of defense that Pigg contends would have been successful. *See Pigg*, 2014 Ark. 433, at 3–5, 444 S.W.3d at 864–66. Moreover, trial counsel unsuccessfully sought to introduce additional evidence in support of this defense in a pretrial motion, but this court upheld the trial court's ruling that the evidence was inadmissible under the rape-shield statute. *Id*. As a consequence, Pigg's allegations failed to provide facts that affirmatively supported his claims of prejudice.

In his next point on appeal, Pigg again appears to concede the issues. Pigg takes the position that there was no error in the trial court's findings that Pigg did not support his claim of a conspiracy by trial counsel with the prosecution and police and that Pigg failed to present any evidence at the hearing to substantiate the allegations. As the trial court noted, trial counsel testified that the allegations were not true. We defer to the fact-finder concerning the credibility of the witnesses. *Young v. State*, 2015 Ark. 65. Pigg did not demonstrated clear error on this point.

Next, Pigg asserts that counsel was ineffective during the penalty phase of the trial for failing to have admitted into evidence a medical record with a notation that Pigg had complained of erectile dysfunction. The trial court found that counsel had attempted to introduce the document but that a hearsay objection was sustained, that Pigg had testified that he suffered from erectile dysfunction, and that Pigg had not been willing to discuss with counsel the use of any evidence for the penalty phase.

Pigg does not point to any argument counsel might have advanced in the penalty phase to overcome a hearsay objection.[2] Where it is asserted that counsel was ineffective for failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107. In addition, the trial court correctly determined that the medical report would have been cumulative to Pigg's testimony.

---

[2]The objection to the report's admission was made during Pigg's testimony in the guilt phase.

SLIP OPINION

The record reflects that Pigg testified at trial that he suffered from erectile dysfunction. Although Pigg asserts the medical record would have bolstered this testimony, the document proffered in the record was contradicted by the witnesses' testimony, just as Pigg's statement that he was not capable of the alleged rapes was. The trial court was not clearly erroneous to conclude that Pigg failed to satisfy the prejudice prong of the *Strickland* test.

In Pigg's last point on appeal, he alleges trial counsel was ineffective for failing to suppress evidence admitted under Rule of Evidence 404(b) and for failing to move for a mistrial. The trial court found that counsel had unsuccessfully challenged Rule 404(b) evidence. It also found that Pigg had testified that he asked counsel to move for a mistrial because he had witnessed Detective Wear speaking to a juror but that the detective testified that no such encounter had occurred.

Pigg failed to demonstrate clear error. The trial court correctly found that Pigg did not identify any meritorious argument that counsel might have made to object to the Rule 404(b) evidence or to move for a mistrial. While Pigg asserted that counsel should have filed a motion in limine to have the evidence excluded, he did not describe the motion he would have had counsel file with any further specificity. The record reflects that, as the trial court found, counsel did move unsuccessfully to exclude certain evidence, including the testimony by Pigg's niece. Pigg does not point to any argument that counsel could have successfully employed to oppose admission of the evidence under the pedophile exception, and he does not identify any other evidence that should have been included in the motion.

At the Rule 37 hearing, the State countered Pigg's claim that counsel could have presented a successful argument for mistrial with testimony from Detective Wear. The trial court was not clearly erroneous in finding that the detective was more credible that Pigg, and that the motion would have been unsuccessful if made.

The trial court was not clearly erroneous in finding that Pigg failed to meet his burden to identify specific acts or omissions that would overcome the presumption that counsel was effective. Nor did Pigg carry his burden to provide factual substantiation for his claims of prejudice. Accordingly, we affirm the denial of postconviction relief.

Affirmed.

*Earl Delmar Pigg*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.