

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-1057

| | |
|---|---|
| MAX DOUGLAS BISHOP<br>APPELLANT | **Opinion Delivered:** April 26, 2017 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-08-1150] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BRADLEY LEWIS KARREN, JUDGE |
| | REBRIEFING ORDERED |

## RITA W. GRUBER, Chief Judge

Max Douglas Bishop was tried by a jury in the Circuit Court of Benton County on thirty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. He was found guilty on all counts and was sentenced to a total of 720 months' imprisonment in the Arkansas Department of Correction. On direct appeal, we rejected his challenge to the sufficiency of the evidence and affirmed the convictions. *Bishop v. State*, 2015 Ark. App. 436, 467 S.W.3d 763. Bishop then filed a petition for postconviction relief and an amended petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016), raising claims that his trial counsel had been ineffective. The trial court conducted a Rule 37 hearing and issued a written order denying Bishop's claims of ineffective assistance of counsel. Bishop now appeals the denial of his petition for postconviction relief. Our jurisdiction is pursuant to footnote 1 in *Barnes v. State*, 2017 Ark. 76, ___ S.W.3d ___ (per curiam).

SLIP OPINION

Bishop raises five arguments in his appeal from the denial of his Rule 37 claims of ineffective assistance of counsel. He argues that (1) the appeal record is incomplete; (2) the trial court erred in determining that probable cause existed to search his residence; (3) the trial court erred in determining that a valid search warrant existed for forensic analysis of seized equipment; (4) the trial court erred in determining he was not prejudiced "by the lack of metadata of alleged chat transcripts entered into evidence"; and (5) the trial court erred in concluding that he could be charged with multiple counts under Ark. Code Ann. § 5-27-602 (Repl. 2013). We remand for rebriefing because Bishop's brief, particularly the abstract portion, is deficient such that we are unable to understand the case and to decide the issues on appeal.

Arkansas Supreme Court Rule 4-7 governs pro se briefs filed by incarcerated persons in appeals of postconviction-relief proceedings and civil appeals. Ark. Sup. Ct. R. 4-7(a) (2016). Except for the specific provisions in this rule, a pro se party's brief shall otherwise comply with the Rules of the Supreme Court and Court of Appeals. *Id.* Rule 4-7(c)(1)(A) requires the appellant to abstract "such parts of the transcript . . . as are material to the points to be argued in the appellant's brief, for the appellate court to understand the case and to decide the issues on appeal." *Id.* The rule instructs the appellant to summarize the testimony of witnesses as well as discussions between the judge and any person needed for an understanding of the issues on appeal; further, material parts of a prior trial must be abstracted when important to an understanding of the issues raised on appeal. *Id.*; *see Newman v. State*, 2013 Ark. 324, at 2 (citing the rule and ordering rebriefing because abstract and addendum

were deficient on appeal from order denying a writ of error coram nobis).

On review, we assess the effectiveness of counsel under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984), whereby a petitioner must demonstrate that counsel made errors so serious that it prejudiced the outcome of the trial. *Sartin v. State*, 2012 Ark. 155, at 2–3, 400 S.W.3d 694, 697–98. Without a proper abstract of an appellant's trial, we cannot evaluate ineffective-assistance-of-counsel claims under the "cause and prejudice" test of *Strickland v. Washington*, *supra*.

The abstract section of Bishop's brief consists solely of a two-page photocopy from the trial court's hearing on his Rule 37 petition. These pages concern the court's taking judicial notice of the trial record as a self-authenticating document, the State's belief that affidavits for search warrant were sufficient to establish probable cause, counsel's reasons for not pursuing Bishop's alibi defense based on work records, and the introduction into evidence of binders of chat transcripts with metadata attached. The abstract lacks anything to support Bishop's argument, for example, that his counsel failed to object to Bishop's being charged with thirty counts instead of one. An appellant arguing in a Rule 37.1 appeal that his attorney failed to make an objection at trial must abstract the part of the transcript where he alleges that such an objection would have been appropriate. Ark. Sup. Ct. R. 4-7(c)(1)(A). Additionally, without an abstract of the trial proceedings, we are unable to ascertain whether Bishop's claims on appeal demonstrate that his counsel made errors so serious as to prejudice the outcome of the trial. *See also* Ark. Sup. Ct. R. 4-7(c)(1)(B) (requiring that page numbers of the abstract or addendum be included in the argument section of a brief if reference is made

SLIP OPINION

to material found there).

Pursuant to Arkansas Supreme Court Rule 4–7(c)(3)(B), we allow Bishop 15 days from the date of this opinion to file with our clerk a substituted abstract, addendum, and brief curing all deficiencies. After service of the substituted brief, the State shall have opportunity to file a responsive brief. *Id.* The briefing deficiencies we have noted are not to be taken as an exhaustive list; we encourage Bishop to thoroughly review our rules to ensure that no additional deficiencies are present. We caution him that if he fails to file a complying brief, abstract, and addendum within the prescribed time, the order denying his petition for postconviction relief may be affirmed for noncompliance with the rule. *Id.*

Rebriefing ordered.

GLADWIN and VAUGHT, JJ., agree.

*Max Douglas Bishop*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.