
# ARKANSAS COURT OF APPEALS

No. CR–16–1057

| | |
|---|---|
| MAX DOUGLAS BISHOP<br>APPELLANT | **Opinion Delivered:** May 31, 2017 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-08-1150] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BRADLEY LEWIS KARREN, JUDGE |
| | MOTION DENIED; PETITION MOOT |

## PER CURIAM

This case arises from the order of the Benton County Circuit Court denying Max Douglas Bishop's petition for postconviction relief, in which he raised claims of ineffective assistance of counsel pursuant to Ark. R. Crim. P. 37.1 (2016). Acting pro se, Bishop appealed the circuit court's order to our court. *See Bishop v. State*, 2017 Ark. App. 246. We remanded for rebriefing because his brief did not comply with the requirements of Arkansas Supreme Court Rule 4-7(c) (2016), the rule governing pro se briefs filed by incarcerated persons in appeals of postconviction-relief proceedings and civil appeals. *Bishop*, 2017 Ark. App. 246, at 2. Bishop has now filed with our court a petition for writ of mandamus, praying that we direct the circuit court to grant his motion for transcript and payment of costs and a motion for extension of time to file his substituted brief.

Subsequent to our order for rebriefing, our supreme court issued an opinion amending Supreme Court Rule 4-7. *In re Amendment to Rule 4-7 of the Rules of the Supreme Court and Court of Appeals*, 2017 Ark. 168 (per curiam). Those amendments, in part, struck

SLIP OPINION

requirements of the 2016 rule that were the basis for our order for rebriefing. *See* Ark. Sup. Ct. R. 4-7(a) & (c) (2017) (requiring substantial compliance with the rule and specifying the contents of briefs). Our order for rebriefing is no longer necessary because Rule 4-7 has been amended. We therefore deny Bishop's motion for extension of time to file a substituted brief.

Although jurisdiction of "[p]etitions for mandamus directed to . . . circuit courts" lies with our supreme court, Ark. Sup. Court Rule 1-2(a)(3), Bishop's petition for mandamus is now moot and need not be reassigned. The clerk of our court is ordered to restore the case on the calendar.

Motion denied; petition moot.