

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR–16–1057

MAX DOUGLAS BISHOP

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** September 13, 2017

APPEAL FROM THE BENTON COUNTY CIRCUIT COURT
[NO. 04CR-08-1150]

HONORABLE BRADLEY LEWIS KARREN, JUDGE

AFFIRMED

## RITA W. GRUBER, Chief Judge

Max Douglas Bishop appeals the Benton County Circuit Court's order denying his petition for postconviction relief under Arkansas Rule of Criminal Procedure Rule 37.1. In a previous decision, we addressed his direct appeal and affirmed his convictions on thirty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. *Bishop v. State*, 2015 Ark. App. 436, 467 S.W.3d 763. Bishop then filed in the trial court a petition for postconviction relief; after conducting a hearing, the trial court denied the petition. Bishop then appealed the trial court's denial of his petition for postconviction relief, and we ordered rebriefing for failure to comply with Arkansas Supreme Court Rule 4-7(c) (2016)—the rule in effect at the time governing pro se briefs filed by incarcerated persons in appeals of postconviction-relief proceedings. *Bishop v. State*, 2017 Ark. App. 246, at 2. Our supreme court subsequently amended Rule 4-7, striking requirements of the 2016 rule that were the bases for our order for rebriefing. *See* Ark. Sup.

Ct. R. 4-7(a) & (c) (2017). In *Bishop v. State*, 2017 Ark. App. 366, at 2 (per curiam), we found that our order for rebriefing was no longer necessary because of the change in Rule 4-7, and we ordered the clerk of our court to restore the case on the calendar. The case has now been restored, and we address Bishop's appeal of the denial of his petition for postconviction relief.

Bishop's first argument is that the appeal record for this matter is incomplete. His second, third, and fourth arguments are that the trial court erred in determining that probable cause existed to search his residence, that a valid search warrant existed for forensic analysis of seized equipment, and that he was not prejudiced "by the lack of meta data of alleged chat transcripts entered into evidence." His final argument is that the trial court erred in concluding that he could be charged with multiple counts under Ark. Code Ann. § 5-27-602. We affirm.[1]

On review, we assess the effectiveness of counsel under the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), whereby a petitioner must

---

[1]In his reply brief, Bishop rephrases arguments in his original brief that the trial court erred in its determinations or conclusions. For the first time, he contends that the "trial court erred in determining that counsel was effective in . . . failure to investigate" probable cause to search his residence, that a valid search warrant existed for forensic analysis of seized equipment, the lack of meta data of alleged chat transcripts entered into evidence, and the number of counts he could be charged with under the pertinent statute. We decline to address those issues. *See Pigg v. State*, 2016 Ark. 108, at 2, 486 S.W.3d 751, 753 (declining to address issues where appellant raised new issues and points in his reply brief, and holding that an argument cannot be raised for the first time in a reply brief).

demonstrate that counsel made errors so serious that it prejudiced the outcome of the trial. *Sartin v. State*, 2012 Ark. 155, at 2–3, 400 S.W.3d 694, 697–98. The reviewing court indulges in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming this presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* To satisfy the prejudice part of the test, the petitioner must show that counsel's deficient performance prejudiced the defense, such that there is a reasonable probability that the trial's outcome would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

Bishop filed a timely petition for postconviction relief, claiming that his trial counsel was ineffective for failing to (1) file a motion to suppress evidence seized during execution of a search warrant on his residence; (2) call witnesses to show that other people had access to his computer; (3) object to the State's mentioning the 5000 images depicting sexually explicit conduct involving a child found on his computer, even though he was charged with only 30 counts; (4) object to the State's charging him with 30 counts instead of a single count under Ark. Code Ann. § 5-27-602(a)(2) (Repl. 2013); and (5) file a motion to dismiss on speedy-trial grounds. Simultaneously with the filing of his original petition, he filed a motion for leave to file an amended petition. He later filed a second motion to file an amended petition, which the trial court granted. With the second motion, he filed an

amended petition containing the additional claims that his counsel was ineffective for failing to (1) file a motion to suppress the evidence discovered on his computer pursuant to a search warrant, (2) consolidate the charges against him, (3) subpoena his work records to show that he could not have committed the charged offenses, and (4) introduce metadata of the chat transcripts.

In its written order, the trial court applied the two-prong standard of *Strickland v. Washington*, *supra*, and concluded that Bishop failed to prove either prong. The court ruled that (1) an independent magistrate found that there was sufficient probable cause to support both search warrants, and trial counsel concluded there was sufficient probable cause and that there was no legal basis to challenge it; (2) trial counsel did not call any witnesses on behalf of Bishop because he told counsel that he did not want any witnesses called; (3) it was proper for the State to mention uncharged counts of child pornography under Ark. R. Evid. 404(b) to show absence of mistake or accident; (4) under Ark. Code Ann. § 5-27-602(a)(2) (Repl. 2013), it was appropriate and permitted for the State to charge Bishop with 30 counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child; (5) Bishop failed to prove that the time for a speedy trial had expired or that he was prejudiced by speedy-trial time being charged to him or being excluded, and much of the delay was caused by Bishop's asking for continuances; (6) trial counsel's decision not to join Bishop's two separate cases was trial strategy, and Bishop failed to show prejudice; (7) because he confessed and because—as found by the lower court and the appellate court—he was in exclusive control of the computer, he was not prejudiced by

4

SLIP OPINION

his work records' not being introduced at trial; and (8) he "was not prejudiced by any meta data of chatroom transcripts allegedly not entered into evidence."

I. *Bishop's Claim that the Appeal Record Was Incomplete*

The trial record was admitted at the Rule 37 hearing as a self-authenticating document. Bishop claims on appeal that he should have access to "at least the challenged portions of this document," particularly the search warrants for his residence and for forensic analysis,[2] and the chat log metadata transcripts.

"[A]n appeal from an order denying postconviction relief is the review of the decision made by the trial court based on the petition before it." *Carter v. State*, 2015 Ark. 166, at 8, 460 S.W.3d 781, 789. An appellant in a Rule 37.1 proceeding is therefore limited to the scope and nature of his arguments below, and he cannot add new arguments on appeal.

"In order for an issue that was not raised at trial or on direct appeal to provide a basis for Rule 37 relief, the error alleged must be so fundamental as to render the judgment of conviction void and subject to collateral attack." *State v. Rainer*, 2014 Ark. 306, at 15, 440 S.W.3d 315, 324. No such exception exists here. Bishop did not allege at trial, on direct appeal, or in his Rule 37 petition that the trial record was incomplete; nor did he file a

---

[2]The search warrant to search Bishop's computer is not in the record. During the Rule 37 hearing, one of his trial attorneys testified that he had gone to the circuit clerk's office before trial and had read both search warrants, which "appeared to be based on probable cause and to . . . have been properly issued and executed."

motion for access to a complete trial record. Thus, his claim is not cognizable as a Rule 37 claim.

II. *Bishop's Claim that the Trial Court Erred in Determining that Probable Cause Existed to Search His House*

Bishop alleged in his Rule 37 petition that his trial counsel was ineffective for failing to file a motion to suppress evidence discovered when the search warrant was executed on his residence. He abandoned this argument at the hearing on his petition, alleging instead that there was insufficient probable cause to support the search warrant. An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below. *Carter v. State*, *supra*. Moreover, with the exception of fundamental error that renders the judgment void and subject to collateral attack, it is not appropriate to raise trial error, including constitutional errors, for the first time in a Rule 37 proceeding. *Flemons v. State*, 2016 Ark. 460, at 10, 505 S.W.3d 196, 205. Thus, Bishop's claim that the trial court erred in determining that probable cause existed to search his residence is noncognizable.

III. *Bishop's Claim that the Trial Court Erred in Determining that a Valid Search Warrant Existed for Forensic Analysis of Seized Equipment*

In his amended Rule 37 petition, Bishop asserted that counsel was ineffective for failing to file a motion to suppress evidence discovered on his computer because the search warrant had "never been proven to exist." At the hearing, however, he made no mention of any ineffective-assistance-of-counsel claim in reference to the search warrant for his

computer. He stated instead that he had "never seen" the second search warrant and could not "prove it exists."

Bishop claims that the trial court erred by finding that a valid search warrant existed for forensic analysis of his seized equipment. For support of his claim, he states that "a valid search warrant did not exist for forensic analysis of seized equipment and this search warrant is also not included in the record." Because he did not challenge the validity of the second search warrant at trial or on direct appeal, he cannot raise the claim for the first time in a postconviction proceeding. *See Savage v. State*, 2015 Ark. 212, at 11, 462 S.W.3d 326, 335 (noting that "with the exception of fundamental error sufficient to render the judgment void and subject to collateral attack," allegations of trial error cannot be raised for the first time in a Rule 37.1 petition). Thus, Bishop's third claim is noncognizable.

IV. *Bishop's Claim that the Trial Court Erred in Determining that He Was Not Prejudiced by the Lack of Metadata of Alleged Chat Transcripts Entered into Evidence*

Bishop alleged in his amended Rule 37 petition that trial counsel was ineffective for "refusing to require introduction of the meta data of the chat transcripts submitted into evidence." He claimed that a number of the chatroom transcripts "were created, modified and last accessed at exactly the same time," which is "physically impossible," and that the transcripts amounted to nothing more than text files "dumped" on his computer. The State responded that "a computer performing a virus scan will change the 'last access date' of a file."

Bishop again abandoned any claim for ineffective assistance of counsel at the Rule 37 hearing, focusing solely on the time stamps of the chatroom transcript and stating that the "last access date, the modified date, and the created timestamp should not be the same." The trial court found that "the chat transcripts were not determinative as to the outcome of the case, as [Bishop] was ultimately convicted of possessing child pornography and not of anything he said in the chat rooms."

On appeal, Bishop avers that the trial court erred by determining that he was not prejudiced by the failure to introduce the chatroom metadata. He claims that this omission made it impossible for him "to challenge the authenticity of these chats." His claim is noncognizable in a Rule 37 proceeding because he failed to raise the issue on direct appeal. *See, e.g.*, *Davis v. State*, 2013 Ark. 118, at 4 (trial errors that could have been raised on direct appeal are not cognizable in a Rule 37 proceeding).

V. *Bishop's Claim that the Trial Court Erred in Concluding that He Could Be Charged with Multiple Counts under Ark. Code Ann. § 5-27-602*

In his Rule 37 petition, Bishop asserted his trial counsel was ineffective for failing to object to the State's charging him with 30 counts under Ark. Code Ann. § 5-27-602(a)(2). He claimed that the legislature "clearly expressed [its] will that only a single Class C felony is authorized for the first offense." At the evidentiary hearing, he stated that the legislature intended for only the first offense to be a Class C felony and intended "to group all these together to form a single charge." On appeal, he reiterates the same statements as he did

during the hearing—that the legislature intended a person to be charged with only a single count under Ark. Code Ann. § 5–27–602(a)(2).

Neither at trial nor on direct appeal did Bishop challenge his multiple charges under Ark. Code Ann. § 5–27–602(a)(2). Thus, his claim that the trial court incorrectly concluded that he could be charged with multiple counts under the statute is not cognizable. He cannot directly challenge his multiple charges in a petition for postconviction relief. *See Ward v. State*, 2015 Ark. 325, at 6, 469 S.W.3d 350, 353 (noting that Rule 37.1 is not the appropriate vehicle for a direct attack on a judgment of conviction); *Rainer*, 2014 Ark. 306, at 15, 440 S.W.3d at 324 (only errors so fundamental as to render the judgment of conviction void may be raised for the first time in a Rule 37 petition).

Affirmed.

ABRAMSON and HARRISON, JJ., agree.

*Max Douglas Bishop*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.