SLIP OPINION

Cite as 2015 Ark. 252

# SUPREME COURT OF ARKANSAS

No. CR–14–760

| | | |
|---|---|---|
| SUSAN HOUGHTON | | **Opinion Delivered** June 4, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. CR–2011–141] |
| STATE OF ARKANSAS | | HONORABLE WILLIAM M. |
| | APPELLEE | PEARSON, JUDGE |
| | | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

A Johnson County Circuit Court jury found appellant Susan Lynn Houghton guilty of possession of drug paraphernalia with intent to manufacture methamphetamine and possession of drug paraphernalia, for which she was sentenced to a total of 144 months' imprisonment in the Arkansas Department of Correction. *Houghton v. State*, 2014 Ark. App. 32, at 1. After Houghton's counsel filed a no-merit brief, the court of appeals affirmed her conviction and sentence on January 15, 2014. *Id.* Subsequently, Houghton filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37. The circuit court denied her petition without a hearing. This court's jurisdiction over Rule 37 appeals is proper pursuant to Arkansas Rule of Criminal Procedure 37.3. Ark. R. Crim. P. 37.3(b) ("If a petition on which the petitioner was represented by counsel is denied, counsel shall continue to represent the petitioner for an appeal to the Supreme Court, unless relieved as counsel by the circuit court or the Supreme Court."). On appeal, Houghton contends that the circuit court erred in denying her petition without a hearing. We affirm.

SLIP OPINION

In her petition, Houghton alleged that her trial counsel was ineffective for failing to object to five statements—two during the State's opening statement, two during the State's closing argument, and one during sentencing—made by the prosecutor. Houghton challenged the following remarks made by the prosecutor during opening statement:

> Now at the root—at the root of this case and frankly the methamphetamine problem up and down the River Valley is the fact—let me back up just a minute and clarify for you what she actually is charged with.
> . . . .
> Now as I started to say, the root of this case, as well as the root of the entire methamphetamine problem in the River Valley and probably the South, is the fact that methamphetamine, Ladies and Gentlemen, is very, very easy to make. It's very easy to make.

Houghton contended that the prosecutor encouraged the jury to consider irrelevant information by indicating that "the jury should consider the River Valley and the South's problem with methamphetamine during jury deliberation in the guilt phase." Houghton also contended that her trial counsel was ineffective for failing to object when the prosecutor stated, during opening statement, that "I do not expect you all to make a decision based on what I'm telling you. First off, you haven't heard both sides yet." Houghton contended that this statement was "a clear violation of the law and [Houghton]'s right to due process," because she had "no obligation to testify or present any evidence in her own defense."

Likewise, Houghton contended that her trial counsel was ineffective for failing to object to the following statements made by the prosecutor during closing argument:

> Now this morning when I was talking to you I said really the root of the problem in this case, and I say really the root of the problem throughout the River Valley and may even in the South is the fact that methamphetamine is so easy to make.
> . . . .
> In fact, I care more if you are operating out of Johnson County, Arkansas because I

can't do one thing about the guy in Mexico. I can't do a thing. I can do it when he starts distributing on I-40, and we do it. You see interdiction all the time, but as far as the manufacturer, I can't do a thing, but I can sure do something here, and that's why we are here.

Houghton's third point in her Rule 37 petition alleged that trial counsel was ineffective for failing to object when the prosecutor made the following statement during the sentencing phase: "I know I'm getting emotional about this, but I see this stuff time after time after time. If she were a user, she wouldn't be here and I wouldn't be here. I've got fifty of them on the docket. We don't—I don't do this." According to Houghton, the "record clearly shows the repetative injection by the prosecutor of statements that were not objected to by defense counsel for [Houghton] and which demonstrated a defective representation that influenced the outcome of the trial in the guilt phase as well as the sentencing phase."

Finally, Houghton alleged that her trial counsel was ineffective for failing to file a motion to suppress an incriminating statement she made to law enforcement. According to Houghton's petition, Officer Johnson saw a black pot on the floorboard of Houghton's black Dodge Charger. He was able to see inside the car because the door was open. As he approached, Houghton attempted to close the door of the car and Officer Johnson told her not to shut the door because he knew what was inside. Houghton then replied, "It's a meth lab. I came up here to burn it." In her petition, Houghton contended that Officer Johnson "exercised control over her by not permitting her to close the Dodge's door. His failure to immediately advise [Houghton] of her 5th Amendment right should have caused the defense attorney to understand his obligation to file a motion to suppress her statement."

On May 19, 2014, the circuit court denied Houghton's petition without a hearing.

SLIP OPINION

In its order, the circuit court concluded that Houghton failed to establish that she was denied a fair trial as a result of trial counsel's failure to object. The circuit court concluded that Houghton failed to show any prejudice arising from trial counsel's failure to object to the remarks made during opening statement because the jury was instructed that such remarks were not evidence, and the jury was instructed to disregard any argument, statements, or remarks of the attorneys that had no basis in the evidence. The circuit court concluded that the remaining statements were made as a result of testimony given during Houghton's trial and that there was no comment on Houghton's decision not to testify. Finally, the circuit court determined that trial counsel was not ineffective for failing to file a motion to suppress a statement Houghton made to law enforcement officers prior to her arrest because the motion would not have been successful.

On appeal, Houghton challenges the circuit court's conclusion that trial counsel was not ineffective for failing to object during opening statement and closing argument and to the prosecutor's statement made during the sentencing phase. She contends that "in the present case we do not know what the trial strategy of the trial counsel was, because he did not testify at a hearing on the petition." Houghton contends that the circuit court's conclusion that counsel's decision not to object during opening statement and closing argument was one of trial strategy is "not supported" and is "mere speculation of the court." Houghton further contends that trial counsel should have objected to the prosecutor's statement that the jury had not "heard both sides yet," because that statement was a comment on the fact that Houghton would not testify, which violates her rights protected by the Fifth Amendment to

SLIP OPINION

the U.S. Constitution. Finally, Houghton asks this court to overrule its previous decisions rejecting the doctrine of cumulative error as it applies to claims of ineffective assistance of counsel.[1]

In turning to the merits, we note that the circuit court did not hold an evidentiary hearing. Rule 37.3 of the Arkansas Rules of Criminal Procedure provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999) (citing *Bohanan v. State*, 327 Ark. 507, 939 S.W.2d 832 (1997) (per curiam)). If the files and the record show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect. Ark. R. Crim. P. 37.3(a).

On appeal from a trial court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

"The benchmark for judging a claim of ineffective assistance of counsel must be 'whether counsel's conduct so undermined the proper functioning of the adversarial process

---

[1]She does not challenge the circuit court's conclusion regarding trial counsel's failure to file a motion to suppress her statement made to Officer Johnson. Issues raised below but not argued on appeal are considered abandoned. *Gulley v. State*, 2012 Ark. 368, at 12, 423 S.W.3d 569, 578.

that the trial cannot be relied on as having produced a just result.' *Strickland* [*v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984)]." *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 204, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id*. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*. Finally, conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Anderson v. State*, 2011 Ark. 488, at 5, 385 S.W.3d 783.

Houghton's first point on appeal is that the circuit court erred in denying her Rule 37 petition without a hearing. As previously stated, Rule 37.3 permits a circuit court to deny a petition for postconviction relief without a hearing, but requires that the circuit court "shall make written findings to that effect, specifying any part of the files, or records that are relied upon to sustain the court's findings." *Henington v. State*, 2012 Ark. 181, at 9, 403 S.W.3d 55, 62. Thus, our rule does not require circuit courts to hold a hearing on every petition. In *Henington*, we affirmed a denial without a hearing when the circuit court's order explained that the allegations contained in the petition were conclusory and lacked factual explanation. In the present case, the circuit court's five-page order included detailed findings of fact and conclusions of law on each point raised in Houghton's Rule 37 petition. Consequently, we cannot say that the circuit court's written order does not comport with the requirements of Rule 37.3.

In addition, we agree that the files and records of Houghton's case conclusively show that her counsel was not ineffective for failing to object during opening statement or closing argument. We have acknowledged that experienced advocates might differ about when, or if, objections are called for since, as a matter of trial strategy, further objections from counsel may result in comments seeming more significant to the jury. *Sasser v. State*, 338 Ark. 375, 391, 993 S.W.2d 901, 910 (1999) (citing *Neff v. State*, 287 Ark. 88, 696 S.W.2d 736 (1985)); *see also Howard v. State*, 367 Ark. 18, 238 S.W.3d 24. Furthermore, many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, and the failure to object during closing argument and opening statement is within the wide

7

range of permissible professional legal conduct. *Id*. Here, the circuit court found that trial counsel's decision not to object was one of trial strategy outside the purview of a Rule 37 petition. The circuit court further found that Houghton failed to demonstrate prejudice because the jury was instructed that remarks of counsel during opening statement are not evidence. Finally, the circuit court concluded that neither the opening nor the closing argument by the prosecutor were egregious misstatements.

We recognize that failure to object may be ineffective assistance of counsel resulting in prejudice where statements made in opening statement and closing argument are egregious. However, in this instance, we agree with the circuit court that the prosecutor's statements were not egregious. Here, the State presented testimony from law enforcement officers regarding the methods used to manufacture methamphetamine and the ease of obtaining the necessary components. Houghton fails to show that any of this testimony was inadmissible. When evidence is admissible, a party is entitled to refer to it during opening statement. *Smith v. State*, 2009 Ark. 453, at 11, 343 S.W.3d 319, 326. Moreover, the prosecutor's closing argument did not constitute an appeal to the jurors' passions and emotions. Rather, the prosecutor's comments discussed evidence that was presented regarding the manufacture of methamphetamine in Mexico. A reversal of a judgment due to remarks made by counsel during closing arguments is rare and requires that counsel make an appeal to the jurors' passions and emotions. *Price v. State*, 365 Ark. 25, 37, 223 S.W.3d 817, 826 (2006). Moreover, every plausible inference may be argued in closing. *Howard v. State*, 348 Ark. 471, 495, 79 S.W.3d 273, 288 (2002). Failure to make a meritless objection is not an instance of

ineffective assistance of counsel. *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352, 361 (2003).

Finally, the jury was instructed that remarks made during opening statement were not

evidence and to disregard any argument, statements, or remarks of the attorneys that had no

basis in the evidence. Therefore, the circuit court did not err in finding that Houghton failed

to demonstrate defective representation that influenced the outcome of the trial. Although

there may be instances in which trial counsel's decision not to object during opening

statement or closing argument amounts to ineffective assistance of counsel, we decline to find

error in trial counsel's failure to object when the remarks are not egregious.

Houghton's second point on appeal is that the circuit court erred in concluding that

her trial counsel was not ineffective for failing to object to the prosecutor's statement that the

jury had not "heard both sides yet." Houghton maintains that this constituted an

impermissible comment on her decision not to testify.

In *Griffin v. California*, 380 U.S. 609 (1965), the Supreme Court of the United States

extended the protection of the Fifth Amendment to the states. In addition, the Arkansas

Legislature has provided statutory protection of this right:

> On the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offenses, and misdemeanors in this state, the person so charged shall, at his own request, but not otherwise, be a competent witness. The failure of any person so charged to make such a request shall not create a presumption against him.

Ark. Code Ann. § 16-43-501. This court has long recognized that violation of this statute

would be "presumptively prejudicial." *Bridgman v. State*, 170 Ark. 709, 710, 280 S.W. 982,

982 (1926). However, this court has applied the harmless-error standard to improper

9

comments on the defendant's right not to testify. *See Bradley v. State*, 320 Ark. 100, 896 S.W.2d 425 (1995).

In this case, the circuit court concluded that the statement "you haven't heard both sides yet," was not an improper comment on Houghton's right not to testify. The circuit court found that the prosecutor could have reasonably anticipated that Houghton "intended to cross-examine [the] State's witnesses to present her side as challenges to the weight to be given testimony and evidence presented by the State." In *Bradley*, we determined that the prosecutor improperly commented on the appellant's right not to testify by stating, during closing argument, that "the defendant's right not to testify should not be considered evidence of guilt, at the same time, it should not be considered evidence of innocence." *Id.* at 104, 896 S.W.2d at 427. However, we found the error to be harmless because the eyewitness testimony and the physical evidence of appellant's guilt were overwhelming. *Id.* at 105, 896 S.W.2d at 428. More recently, we determined that a prosecutor's remarks during opening statement indicating that the defendant would testify was harmless error given that the defense counsel had indicated during jury voir dire that the defendant would testify. *Elser v. State*, 353 Ark. 143, 147, 114 S.W.3d 168, 170 (2003).

Here, even assuming that the prosecutor's statement was improper, Houghton fails to show that she was prejudiced by the statement. First, the jury was instructed that Houghton had the right not to testify and the fact that she did not testify was not evidence of guilt and should not be considered in arriving at a verdict. Second, the State presented overwhelming evidence of Houghton's guilt. The State presented evidence that on July 25, 2011, Officer

Johnson visited the property where Houghton was allegedly living. Upon arriving, Officer Johnson saw Houghton standing outside her car. Inside the car was a black container with a plastic bottle of "Liquid Fire" and tubing sitting on the front passenger floorboard of her car. Houghton attempted to shut the door, but Officer Johnson informed her that he had already seen what was inside the car. At that point, Houghton admitted that it was a "meth lab" inside her car. Officer Johnson, along with Officer Shannon Holman, conducted a search of the car and found a pipe designed to smoke methamphetamine, thirty-six pseudoephedrine tablets, lithium batteries, metal clippers, a glass jar containing liquid methamphetamine, a plastic squeeze bottle containing "liquid fire," scissors, an air pump, plastic tubing, coffee filters, digital scales, plastic bags, and a syringe containing methamphetamine. In addition to the items recovered from the car, Officer Johnson recovered several items which he testified were used in the manufacture and distribution of methamphetamine from the cabin where Houghton was living. Officer Johnson, Officer Holman, and Phillip Johnson, from the Arkansas State Crime Laboratory, identified and explained the function of each of these items as it relates to the manufacture and distribution of methamphetamine. Houghton did not object to any of this testimony, or to introduction of the items seized, or to the introduction of photographs of the car and cabin. In light of this overwhelming evidence of guilt, the comment made by the prosecutor, even if improper, was harmless. *See, e.g.*, *Elser*, 353 Ark. 143, 114 S.W.3d 168.

For her third and final point on appeal, Houghton contends that the circuit court "should have considered all the potentially objectionable points and made a cumulative error

ruling that the overall failure to object resulted in an unfair trial." Although Houghton acknowledges that this court has "consistently refused to recognize the concept of cumulative error in ineffective assistance of counsel claims," she urges this court to "reconsider this and overrule the previous decisions rejecting the doctrine of cumulative error." Houghton is correct that this court has refused to apply the cumulative-error doctrine to ineffective-assistance-of-counsel claims. *Young v. State*, 2015 Ark. 65, at 8 ("[W]e do not recognize an ineffective-assistance-of-counsel claim based purely on the cumulative effect of counsel's errors."). This court does not lightly overrule cases and applies a strong presumption in favor of the validity of prior decisions. *B.C. v. State*, 344 Ark. 385, 390, 40 S.W.3d 315, 318 (2001) (citing *State v. Singleton*, 340 Ark. 710, 13 S.W.3d 584 (2000); *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998)). Although we have the power to overrule previous decisions, we will uphold them unless great injury or injustice would result. *Bharodia v. Pledger*, 340 Ark. 547, 11 S.W.3d 540 (2000). The party asking us to overrule a prior decision has the burden of showing that our refusal to overrule the prior decision would result in injustice or great injury. *B.C.*, 344 Ark. at 390, 40 S.W.3d at 319. Houghton has made no such showing here. Accordingly, we decline to overrule our previous decisions refusing to apply the cumulative-error doctrine to claims of ineffective assistance of counsel.

We find no error in the circuit court's conclusion that the files and records of Houghton's case conclusively show that she is not entitled to relief.

Affirmed.

*Ernie Witt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.