

Cite as 2016 Ark. 323

# SUPREME COURT OF ARKANSAS

**No.** CR–15–846

| | |
|---|---|
| AARON ANTHONY FLEMONS<br><br>                                    APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                                    APPELLEE | **Opinion Delivered:** September 22, 2016<br><br>PRO SE APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FT. SMITH DISTRICT; PRO SE MOTIONS TO FILE BELATED REPLY BRIEF, TO FILE SUPPLEMENTAL ABSTRACT, AND FOR POLYGRAPH EXAMINATION AND STAY [NOS. 66CR-00-827, 66CR-08-1404]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED; MOTIONS MOOT. |

## PER CURIAM

Appellant Aaron Anthony Flemons appeals the denial of his pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015). Flemons tendered a reply brief to this court after the deadline for filing a reply brief had passed. He then filed motions that seek leave to file a belated reply brief, leave to file a supplemental abstract, and an order for polygraph examinations and to stay the proceedings. Flemons also tendered with his motions a reply brief in which he included his proposed supplemental

abstract, and he seeks to clarify the arguments made in the first point that he raises on appeal. In Flemons's motion to stay the proceedings and to have polygraph examinations conducted, he also seeks to further support the same point on appeal. As discussed below, Flemons's arguments in his petition and the record on appeal are sufficiently clear for our determination of the issues. We accordingly affirm the denial of postconviction relief, and the motions are therefore moot.

Flemons's Rule 37.1 petition alleged that he received ineffective assistance of counsel in the proceeding for revocation of a suspended sentence. Flemons had entered nolo contendere pleas in two cases. He was sentenced to 72 months' imprisonment and 120 months' suspended imposition of sentence on a charge of possession of cocaine with intent to deliver in 66CR-00-827 and to 12 months' imprisonment and 60 months' suspended imposition of sentence on a third-degree domestic-battery charge in 66CR-08-1404. The challenged judgment imposed an aggregate sentence of 360 months' imprisonment in these two criminal cases in conjunction with the court's granting a petition to revoke (PTR) the suspended sentences.

Flemons's attorney on appeal of the revocation order filed a no-merit brief, and the Arkansas Court of Appeals affirmed the judgment and granted the appellate attorney's motion to withdraw. *Flemons v. State*, 2014 Ark. App. 131. Flemons filed a timely petition for postconviction relief, and, with the trial court's permission, he amended the petition. The trial court held an evidentiary hearing on the amended petition and entered an order finding that counsel was not ineffective and dismissing the petition. Flemons now raises

SLIP OPINION

two points on appeal. We treat any arguments made below but not raised in the appeal as abandoned. *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007).

This court will not reverse a trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757.

Both points on appeal concern Flemons's allegations that trial counsel was ineffective. Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Mister v. State*, 2014 Ark. 446. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Houghton*, 2015 Ark. 252, 464 S.W.3d 922.

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. A petitioner claiming deficient performance must show that counsel's representation fell below an objective standard of reasonableness, and this court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* A petitioner has the burden of overcoming the presumption that counsel is effective by identifying specific acts and omissions that, when viewed from counsel's

perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's alleged errors in order to meet the second prong of the test. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* In assessing prejudice, courts "must consider the totality of the evidence before the judge or jury." *Rasul*, 2015 Ark. 118, at 7, 458 S.W.3d at 727 (quoting *Strickland*, 466 U.S. at 695).

In his first point on appeal, Flemons asserts that trial counsel was ineffective in failing to adequately investigate a plea offer, in that she provided incorrect information concerning his parole eligibility and that he would have accepted the plea deal as offered if counsel had provided accurate information. The evidence at the hearing on the Rule 37.1 petition established that a plea offer had been made by the deputy prosecutor. That evidence also established that, under the terms of the proposed agreement, if the plea deal was accepted, the PTR would have been withdrawn.

Before the hearing on the PTR, the prosecution had submitted a plea offer that covered the PTR and the pending charges that had prompted the PTR. Specifically, the offer was that the prosecution would recommend 25-year sentences on Y-felony drug-delivery charges in three cases, 6-year flat sentences on domestic-battery charges in two cases, and a 6-year flat sentence on a charge of leaving the scene of an injury accident and endangering the welfare of a minor, with all sentences to be concurrent. In addition, the

SLIP OPINION

prosecution would withdraw the PTR, provided that Flemons entered pleas to all of these new charges.

Flemons alleges that counsel incorrectly advised him that the battery charges would trigger a statutory requirement that he serve the full time on the recommended sentences without eligibility for parole, that is, that he would not be eligible for parole during the aggregate 25-year term recommended. He contends that he would have accepted the plea offer if he had been correctly advised and that the outcome of the PTR proceedings would have been different, in that the PTR would have been withdrawn. There was evidence at the Rule 37 hearing that Flemons had declined the plea offer and countered with a proposal that he serve 15 years on a conspiracy charge, with the battery charges nolle prossed. There was also evidence that Flemons would have been willing to accept an offer for the full 25-year sentence recommendation, provided the battery charges were dropped. However, there was testimony that the prosecution was unwilling to drop the battery charges and, as the deputy prosecutor put it, she would only accept a global agreement on all charges.

Flemons contends that he was unwilling to accept the plea deal because he mistakenly believed that a plea to the battery charges would cause him to be ineligible for parole, and he asserts that trial counsel should have advised him that the statute's application would not be triggered if he entered a plea to the charges. In its brief, the State correctly notes that Flemons did not receive a ruling on this argument.

When the trial court does not summarily deny relief on a Rule 37.1 petition without a hearing under Arkansas Rule of Criminal Procedure 37.3(a), the court must determine the issues and make written findings of fact and conclusions of law with respect to those

issues. Ark. R. Crim. P. 37.3(c). When the trial court provides written findings on at least one, but less than all of the claims in the petition, however, the appellant has an obligation to obtain a ruling on any omitted issues to be considered on appeal. *Magness v. State*, 2015 Ark. 185, 461 S.W.3d 337 (per curiam). Any claim on which the appellant failed to obtain a ruling is procedurally barred from our review. *Fisher v. State*, 364 Ark. 216, 217 S.W.3d 117 (2005). The trial court provided written findings on other issues raised in Flemons's Rule 37.1 petition.

In fact, the trial court addressed Flemons's claims in the amended petition that counsel had failed to adequately investigate the plea offer. The order denying postconviction relief specifically addressed a number of other bases for inadequate investigation that Flemons had identified, such as the failure to interview relevant witnesses. In order to identify the specific act alleged as ineffective assistance and receive relief on his claim that counsel failed to adequately investigate, a petitioner must describe how a more searching pretrial investigation would have changed the results of his trial. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895.

Although there may be times when a broad general ruling on a failure to investigate was intended to address unspecified bases for the claim, that was not the case here. Flemons identified a number of specific bases for failure to investigate in his amended petition, but his argument on appeal was not one of those bases described in the petition. The ruling by the trial court specifically discussed the bases that were identified, and it did not address the claim that Flemons would now make, that is, that trial counsel had made affirmative representations about parole eligibility and was ineffective in failing to conduct an adequate

investigation about Flemons's parole eligibility on the recommend sentences in the plea offer.[1]

In his second point on appeal, Flemons contends that trial counsel was ineffective for failing to raise due-process violations arising out of prosecutorial misconduct. He also asserts that the trial court erred in failing to permit him to develop testimony on the issue. Flemons alleges that he is innocent of the battery charges, that one of the alleged victims had recanted her accusations in an affidavit, and that the prosecutor refused to drop the charges before the hearing on the PTR despite having no probable cause to sustain the charges. Flemons contends that the trial court erred in not allowing him to pursue a line of questioning designed to elicit testimony from the prosecutor about her motivations in declining to dismiss the battery charges or to drop those charges from the proposed plea agreement. The trial court found that Flemons had not demonstrated that any prosecutorial misconduct existed to which counsel might successfully have objected.

Where a petitioner asserts ineffective assistance for failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument without merit is not ineffective assistance of counsel. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107. Flemons contends that, if allowed to pursue the issue, he would have shown that the prosecutor's conduct in using the leverage of potential convictions on the more serious charges in order to compel

---

[1]To the extent that Flemons may have sought to amend his petition by adding this new claim during the hearing, the trial court effectively denied that request by declining to rule on the issue. Flemons mentions in his argument on appeal that he raised other bases for the failure to investigate, but he develops no argument for any error in that regard.

a plea on the battery charges was motivated by anger about multiple instances when the victim recanted under similar circumstances. Yet, even if the prosecutor was so motivated, Flemons's argument that this amounted to prosecutorial misconduct hinges on his position that the prosecutor did not have sufficient evidence to prosecute the charges.

Despite Flemons's allegations to the contrary, the prosecutor did have evidence to prosecute Flemons on the two battery charges, and sufficient probable cause to sustain those charges. Two police officers testified at the PTR hearing. Each testified to having responded to one of two calls about domestic disputes involving Flemons.

One officer testified that Jessica Flemons had reported that Flemons had beaten her, that he observed injuries consistent with her report, that Flemons was present at the time, and that the officer had taken photographs of Jessica's injuries. The photographs taken were introduced into evidence. Flemons alleged that Jessica had later recanted her statements to the officer, and, although Jessica testified at the PTR hearing, she did not testify concerning her report of a battery to the officer. Nevertheless, the photos and officer's observations at the time of the incident were evidence that Flemons had injured Jessica, and that evidence also would have supported a decision by the deputy prosecutor to pursue the charges on the basis that Jessica's original report appeared more credible than the statement recanting.

The second officer testified that he found Satara Wilson at a convenience store, and that he returned with her to a house from which she reported she had fled, leaving Flemons there with her children. Satara reported that Flemons had hit her on her ear and that the injury hurt. The officer testified that no one answered his banging on doors at the residence

for about thirty minutes. When they gained entry by force, the officer discovered that Flemons was in the house with the children, who were crying and huddled together.

Each officer's testimony provided evidence sufficient to support the relevant battery charge against Flemons. Because the prosecutor had probable cause for the battery charges, any objection by trial counsel to the prosecutor's actions in pursuing the charges or failing to withdraw the charges while the plea negotiations were pending would have been without merit. Flemons final point on appeal is therefore also without merit.

Affirmed; motions moot.

*Aaron Anthony Flemons*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee