

# SUPREME COURT OF ARKANSAS
**No.** CR-14-416

| | | |
|---|---|---|
| | | **Opinion Delivered:** December 15, 2016 |
| AARON FLEMONS | | |
| | APPELLANT | PRO SE APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FT. SMITH DISTRICT [NOS. 66CR-11-491, 66CR-11-493; 66CR-11-494; 66CR-11-977; 66CR-11-987] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | <u>AFFIRMED</u>. |

## PER CURIAM

In 2012, a Sebastian County Circuit Court jury found appellant Aaron Flemons guilty of three counts of delivery of cocaine and one count of delivery of a counterfeit substance, and he received an aggregate sentence of 552 months' imprisonment in the Arkansas Department of Correction. The judgment reflected sentence enhancements for Flemons's habitual-offender status and, for the cocaine delivery charges, proximity to a church or park. The Arkansas Court of Appeals affirmed the judgment. *Flemons v. State*, 2013 Ark. App. 239.

In separate proceedings later the same year, Flemons was also convicted of fleeing apprehension and leaving the scene of a personal injury accident in Sebastian County Circuit Court case number CR-11-987, and he received an aggregate sentence of 360 months' imprisonment that was to run consecutively to the sentences imposed in the earlier

conviction. The court of appeals also affirmed that judgment. *Flemons v. State*, 2013 Ark. App. 280.

Flemons filed timely pro se petitions for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015) as to both judgments, and he later filed amended petitions in both matters. The trial court consolidated the proceedings, held a hearing on the petitions, and entered a single order denying both petitions as amended. Flemons appeals that order. We affirm.

On appeal, Flemons's first three points challenge the trial court's denial of his motions for a continuance, for appointment of counsel, and for a copy of certain trial transcripts. Flemons first asserts that the trial court erred in denying his two requests for a continuance on the day of the Rule 37 hearing. Flemons contends that he was denied due process when the court failed to grant a continuance because he had been given incorrect information by the clerk's office about the procedures for having subpoenas issued for his witnesses.

The general standard of review for an alleged error in denying a motion for continuance is abuse of discretion. *Green v. State*, 2012 Ark. 19, 386 S.W.3d 413. Arkansas Rule of Criminal Procedure 27.3 (2015) provides that a court shall grant a continuance only on a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case. The burden of establishing an abuse of the trial court's discretion is the appellant's, and, in addition to demonstrating that the court abused its discretion by denying the motion, the appellant must show prejudice that amounts to a denial of justice. *Riddell v. State*, 2011 Ark. 21. When a motion for continuance is

SLIP OPINION

based on a lack of time to prepare, we consider the totality of the circumstances, and a lack of diligence alone is sufficient cause to deny a continuance. *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007).

In this case, Flemons concedes facts that establish a lack of diligence, which is further supported by the record of the proceedings. The trial court granted two earlier requests for a continuance, one from each party. The second such order scheduled the hearing for February 12, 2014. Flemons admitted in a motion that he filed January 9, 2014, that he delayed taking any action to obtain witnesses or evidence because he had been confident that his motion for appointment of counsel filed in November 2013, would be granted, although it was not. He also asserted in his request to the trial court at the Rule 37 hearing that he had delayed action because of his unfounded belief that the pending motion for appointment of counsel would be granted. While he contends that he also delayed action because he wished to amend the petition, both petitions were amended in November 2013.

At that time, Flemons was well aware of all allegations that he would need to support, and he was in a position to seek the necessary subpoenas. Instead, he apparently chose to gamble on the outcome of a pending motion, which he hoped would relieve him of that responsibility. As the trial court explained in its rulings on Flemons's motions made the day of the hearing, his confusion over the clerk's instructions for obtaining subpoenas may have justified some delay if Flemons had acted with diligence to obtain the subpoenas after he had allegedly been given incorrect or confusing information in August 2013. Instead, Flemons did not act on that information until February 2014, shortly before the hearing date and more than two months after he amended the Rule 37.1 petitions. Flemons's lack

of diligence as demonstrated by a delay of more than two months from the time that Flemons had fully formulated his claims was sufficient cause for the trial court to deny the motions for continuance.

Flemons next alleges error in the trial court's denial of his motion for appointment of counsel. Flemons contends that he was entitled to counsel to assist him in developing his claims for the Rule 37 proceedings under the United States Supreme Court's holdings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). This court has rejected the argument that *Martinez* and *Trevino* require appointment of counsel. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. The trial court has discretion to appoint counsel under Arkansas Rule of Criminal Procedure 37.3(b) (2015), and, in order to demonstrate an abuse of discretion by the trial court in declining to appoint counsel, an appellant must have made a substantial showing that his petition included a meritorious claim. *Walden v. State*, 2016 Ark. 306 (per curiam). Flemons did not make such a showing, and there was no abuse by the trial court in denying his motion for appointment of counsel.

Flemons also alleges error in the denial of his requests for a copy of the transcripts of his trials. Indigency alone does not require a trial court to provide a petitioner with free photocopying. *Demeyer v. State*, 2016 Ark. 9 (per curiam). To be entitled to a copy of a transcript or other written material at public expense, a convicted defendant must demonstrate to the court a compelling need for the transcript or other material to support a specific allegation contained in a timely petition for postconviction relief. *Id*. Here, Flemons pointed the trial court to no specific allegations for which there was a compelling need for material from the transcript in order to develop his arguments. He alleged that one

transcript was needed to identify inconsistencies in the confidential informant's testimony, but he failed to explain how these inconsistencies would support any specific issue in his petition. Such vague, conclusory declarations did not provide a demonstration of the compelling need required in order to support granting a request for a copy of the transcript.

Flemons's remaining points on appeal are claims that the trial court erred in denying postconviction relief by failing to find ineffective assistance of counsel. This court will not reverse a trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922; *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757.

When considering an appeal from a denial of a Rule 37.1 petition based on ineffective-assistance-of-counsel claims, the sole question presented is whether, based on the totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in finding that counsel was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. The benchmark for judging a claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id*.

Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland*. *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. Under that standard, to

prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Mister v. State*, 2014 Ark. 446. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Houghton*, 2015 Ark. 252, 464 S.W.3d 922.

Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. A petitioner claiming deficient performance must show that counsel's representation fell below an objective standard of reasonableness, and this court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* A petitioner has the burden of overcoming the presumption that counsel is effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

Flemons initially asserts in only general, conclusory terms that the trial court committed error as to all of Flemons's ineffective-assistance claims in his two petitions, reasserting his arguments in the previous points on appeal. For the reasons already noted, Flemons's previously asserted claims fail. The remainder of Flemons's argument in this first point alleging ineffective assistance of counsel consists of only conclusory statements. Allegations of bare conclusions do not overcome the presumption of trial counsel's competence. *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783. Where an appellant does not allege in what regard the trial court's rulings on ineffective-assistance claims were clearly

erroneous, his arguments fail because conclusory statements cannot be the basis of postconviction relief. *Id.*

In Flemons's next point on appeal, he contends that trial counsel was ineffective because she failed to adequately investigate the procedures used by the drug-task-force officers in conducting the controlled buys that resulted in the drug charges and convictions and because counsel did not, prior to trial, interview Greg Napier, the officer who conducted the search of the confidential informant ("CI") who carried out the controlled buys. Flemons alleged that counsel failed to obtain the relevant policies and that, had she done so, she could have more effectively cross-examined the witnesses and challenged the search procedures used. Flemons's argument fails because he did not demonstrate that a more probing investigation would have changed the outcome of the trial.

A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's alleged errors in order to meet the second prong of the *Strickland* test. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* In reviewing an assertion of ineffective assistance of counsel based on failure to investigate, a petitioner must describe how a more searching pretrial investigation would have changed the results of his trial. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895. The burden is entirely on the claimant to provide facts that affirmatively support his claims of prejudice. *Id.*

As the trial court found, trial counsel thoroughly cross-examined the witnesses at trial concerning the procedures used to search the CI. Counsel brought out a number of issues

with the search methodology used, and Flemons did not show that pointing to any particular variation from an established policy would have made the challenge any more effective or that counsel would have learned anything of significance from an interview with the officer who conducted the search. As a consequence, Flemons failed to demonstrate a reasonable probability that the jury's decision would have been different absent counsel's alleged errors. Flemons therefore failed to meet his burden to demonstrate prejudice for his claim that counsel was ineffective for the failure to investigate.

In his next point on appeal, Flemons contends that trial counsel was ineffective for not raising a defense of entrapment and for not having the jury instructed on that defense. The trial court found that counsel had made a strategic decision not to pursue the defense.

Under Arkansas Code Annotated section 5-2-209 (Repl. 2013), a defendant may raise an affirmative defense that he was entrapped into committing an offense when a law-enforcement officer or any person acting in cooperation with a law-enforcement officer induces the commission of an offense by using persuasion or other means likely to cause a normally law-abiding person to commit the offense. The statute provides that conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. Ark. Code Ann. § 5-2-209(b)(2). This court has held that a defendant may request jury instructions on entrapment when there is sufficient evidence to support the instruction even though the defendant denies an element of the charge. *Smoak v. State*, 2011 Ark. 529, 385 S.W.3d 257. As noted in *Smoak*, the two theories of defense are inconsistent, however.

SLIP OPINION

Counsel testified at the Rule 37 hearing that she made a strategic decision not to use an entrapment defense. She explained that she believed the defense was, as a practical matter, impossible to prove, and she indicated that she did not want to risk having evidence of Flemons's past drug use brought in to counter an entrapment defense. Counsel brought out through testimony that the CI had asked to meet at the park, and she testified that she believed that this evidence may have helped the jury conclude that the minimum enhancement for the proximity enhancements was appropriate. Counsel did not believe that there was sufficient evidence to support entrapment as to the delivery charges. Because no drugs or buy money were found in Flemons's possession, she believed the innocence defense that she elected to utilize instead was a stronger defense.

When a decision by trial counsel is a matter of trial tactics or strategy and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37. *Van Winkle v. State*, 2016 Ark. 98, 486 S.W.3d 778. It is well settled that trial counsel's decisions regarding what theory of the case to pursue represent the epitome of trial strategy. *Id.* Here, Flemons contends that the decision not to utilize an entrapment defense was not reasonable. He contends that it was not necessary for him to testify to present an entrapment defense, that his prior convictions may not have been admissible, and that, because evidence of entrapment concerning the proximity enhancement was admitted, the jury should have been instructed as to the defense.

Even if Flemons may have been entitled to a jury instruction on entrapment, his attorney was not ineffective simply for failing to request the instruction. This court has recognized that an "all-or-nothing" approach in the decision not to request instructions on

lesser-included offenses is not unreasonable simply because the strategy fails. *Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. The circumstances here are similar. Counsel explained her reasons for not pursuing an inconsistent defense to what she believed was a relatively strong innocence defense. Flemons failed to show that a decision by trial counsel not to dilute the impact of a stronger defense with jury instructions on an inconsistent defense or the presentation of confusing argument about such a defense was unreasonable. The trial court, therefore, was not clearly erroneous in denying postconviction relief on this issue.

In Flemons's final point concerning the judgment on the drug charges, he alleges error by the trial court in finding that Flemons's claim that the prosecutor withheld information concerning Officer Napier's personnel file was not cognizable. Flemons contends that he was entitled to raise any constitutional issue in the Rule 37 proceedings. He was not.

With the exception of fundamental error that renders the judgment void and subject to collateral attack, it is not appropriate to raise trial error, including constitutional errors, for the first time in a Rule 37 proceeding. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). We have held allegations of prosecutorial misconduct to be the type of issue that should have been raised on direct appeal and therefore may not be raised for the first time in Rule 37 proceedings. *Id.* Direct challenges, including allegations such as prosecutorial misconduct, are not cognizable in Rule 37 proceedings. *Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194. Even an allegation that evidence was withheld by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), may not constitute fundamental error that would render the judgment subject to collateral attack so as to be cognizable in Rule 37

proceedings if the issue was one that could have been raised at trial or on direct appeal. *Frazier v. State*, 2016 Ark. 55, 482 S.W.3d 305 (per curiam).

In this case, even assuming that Flemons's claim that the prosecution withheld evidence could be construed as an allegation of fundamental error and not one that could have been raised at trial or on appeal, he included only conclusory statements in the petition without a factual basis sufficient to raise a *Brady* violation. A petitioner under Rule 37.1 has the burden of pleading facts to support his claims, and conclusory allegations that are unsupported by facts do not provide a basis for an evidentiary hearing on the claim or for postconviction relief. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. Flemons failed to identify any specific information that was contained in the personnel file, and he therefore failed to allege any factual basis in support of his claim that the file may have been used to impeach Napier. Such conclusory statements cannot be the basis of postconviction relief.

Turning to Flemons's allegations of ineffective assistance of counsel concerning the judgment of conviction for fleeing apprehension and leaving the scene of a personal injury accident in case number CR-11-987, his first two points on appeal assert that trial counsel was ineffective for failing to timely object to Flemons's appearing in front of the jury in restraints and for failing to request a cautionary instruction in that regard. The record from the direct appeal indicates that there was a discussion between Flemons and the judge before the jury panel was brought in.[1] Flemons notes that the judge encouraged him to change

---

[1] We may take judicial notice of the record from the earlier appeal without need to supplement the record. *Adkins v. State*, 2015 Ark. 336, 469 S.W.3d 790 (per curiam). At Flemons's request, the trial court admitted into evidence at the Rule 37 hearing the abstract from Flemons's attorney's brief on direct appeal in order to better illustrate these facts.

into civilian dress but that there was no specific discussion of the restraints until a later conversation, after the State rested its case, concerning whether Flemons would testify.

During the Rule 37 hearing, co-counsel testified that she and the lead attorney had tried to persuade Flemons to change into civilian clothes before going into the court room. They had explained that, if he would do so, there was a leg-brace restraint that should fit under the civilian clothes and would not be visible to the jury. Flemons refused, and he continued to refuse to change into civilian clothing when brought into the court room. After counsel objected to Flemons's appearing in his jail clothes, without any mention of the restraints, the judge cautioned Flemons that his actions would be considered a waiver and that, because he had declined the invitation to change into civilian clothing, he would be considered to have chosen to appear before the jury "as he is."

When Flemons was asked, after the State rested, whether he wished to testify, he initially responded that he could not do so because he was shackled. After some discussion in which Flemons continued to be uncooperative in responding to questions, his attorney admitted that she had not previously objected specifically to the restraints and moved for a mistrial on the bases that Flemons was dressed in prison garb and that he was in restraints. The motion was denied. Counsel then moved for an instruction regarding the jail attire, and the court agreed to provide one. The instruction given addressed both Flemons's clothing and the restraints and cautioned the jury to disregard those facts during their deliberations.

In its order denying postconviction relief, the trial court found that counsel had objected to the restraints and that Flemons had failed to demonstrate any prejudice from his

counsel's failure to request a curative instruction on the restraints. The court also noted that Flemons should not be permitted to complain of prejudice resulting from his own willful behavior and commented that a failure to draw further attention to Flemons's obstinateness may not have been beneficial but did not rise to the level of prejudice to support Flemons's claim.

Even if, as Flemons maintains, counsel was late in objecting to the restraints or failed to request an appropriate jury instruction, he has not demonstrated prejudice from those actions to satisfy the second prong of the *Strickland* standard. This court has held that a defendant cannot be allowed to abort a trial and frustrate the process of justice by his own acts. *Britton v. State*, 2014 Ark. 192, 433 S.W.3d 856. The evidence at the Rule 37 hearing was that Flemons refused to change into civilian clothing even after it was explained to him that this change would allow him to wear restraints that would not be visible to the jury. Flemons offers only his own irritation for being shackled as an excuse for his lack of cooperation, and, Flemons has not shown that, had counsel also timely objected to Flemons appearing before the jury in the restraints, the objection would have been any more successful than the motion concerning the jail clothing or the motion for mistrial. As for counsel's failure to request that the cautionary jury instruction include an admonition about the restraints, the instruction did include such an admonition. Because Flemons failed to demonstrate that he was prejudiced by the alleged deficient performance, the trial court was not clearly erroneous in denying relief on these issues.

Flemons next asserts that counsel was ineffective for failing to investigate his mental state as a defense to the charges. On appeal, Flemons contends that counsel should have

discovered a determination by an administrative law judge that Flemons was disabled and had been diagnosed with impulse-control disorder. We need not address this issue.

In his Rule 37.1 petition, Flemons alleged that counsel had failed to adequately investigate the case, but Flemons did not include the argument raised on appeal in his petition. Flemons did raise the issue during the Rule 37 hearing, but, to the extent that Flemons may have sought to amend his petition during the hearing to include the new issue, he did not obtain the trial court's permission to do so. *See Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63 (holding that under Arkansas Rule of Criminal Procedure 37.2(e), the trial court had discretion to deny leave to amend a petition); *see also Weaver v. State*, 339 Ark. 97, 3 S.W.3d 323 (1999) (holding that the trial court did not abuse its discretion in denying an effort to amend on the day of the Rule 37 hearing in order to add a new claim). Even if Flemons had been granted leave to amend his petition to include the claim, he failed to obtain a ruling on it. *Van Winkle v. State*, 2016 Ark. 98, 486 S.W.3d 778 (holding that an argument was not preserved for appellate review and this court was precluded from review on appeal where the trial court had not provided a ruling on the argument).

In Flemons's next point on appeal, he alleges ineffective assistance of counsel for failure to investigate and present mitigation evidence for sentencing. The trial court found that counsel had investigated and considered possible mitigating evidence and then made a strategic decision not to use that evidence. On appeal, Flemons contends that counsel did not conduct an adequate investigation in order to make such a decision and that counsel could have presented evidence of Flemons's mental state as described in the disability

determination noted in the previous point by calling the doctor who had diagnosed him with an impulse-control disorder.

In cases where the defendant was not subject to the possibility of the death penalty, the failure to investigate, discover, and present mitigating evidence is not deemed ineffective assistance of counsel. *State v. Smith*, 368 Ark. 620, 249 S.W.3d 119 (2007). Although Flemons received the maximum sentence possible on the charges in this case, the *Strickland* standard must nevertheless be satisfied, as with any other allegation of ineffective assistance of counsel for failure to investigate, and a petitioner must demonstrate that a more searching pretrial investigation would have changed the results of his trial. *Wertz*, 2014 Ark. 240, 434 S.W.3d 895. The trial court found that trial counsel had investigated mitigating evidence and made a strategic decision not to present any. As previously noted, when a decision by trial counsel is a matter of trial tactics or strategy and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37. *Van Winkle*, 2016 Ark. 98, 486 S.W.3d 778.

Flemons does not now dispute that counsel made an investigation of possible mitigating evidence or that counsel was aware of his diagnosis with an impulse-control disorder. Instead, he contends that counsel's strategic decision not to further investigate this evidence and call the doctor who diagnosed him was unreasonable. Trial counsel testified that, in her professional experience, the twelve previous felony convictions that Flemons had at the time of this trial would have outweighed any mitigating evidence that may have been available. Specifically, she noted that evidence concerning Flemons's diagnosis was not likely, in her professional opinion, to have been beneficial in this case and may instead

have been damaging. We cannot say that the trial court was clearly erroneous in finding that counsel's decision fell within the wide range of reasonable professional assistance.

Flemons next alleges that appellate counsel was ineffective for failing to raise an argument on appeal challenging the sufficiency of the evidence based on the motion for directed verdict that was made on the fleeing charge. In the direct appeal, the court of appeals noted that the argument that had been made in the motion for directed verdict as to the fleeing-apprehension charge was different from the argument made for leaving the scene of an injury accident. *Flemons*, 2013 Ark. App. 280. On appeal, the argument as to both charges was that there was not sufficient evidence that Flemons drove the car. At trial, the argument concerning the fleeing-apprehension charge had been that there was insufficient evidence that the driver of the vehicle knew that his apprehension was imminent. Flemons is correct that the trial court erroneously found that the court of appeals had disposed of that argument on appeal.

Nevertheless, the trial court was not clearly erroneous to deny postconviction relief on this claim. We will affirm a trial court's decision if it reached the right result, albeit for the wrong reason. *Jones v. State*, 347 Ark. 409, 64 S.W.3d 728 (2002). Counsel is not ineffective for failing to make a motion or argument that is without merit. *Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835. Had appellate counsel raised the challenge to the sufficiency of the evidence that had been raised at trial, the challenge would have failed.

The testimony at trial was that three officers were conducting a sobriety checkpoint. When Flemons came to the checkpoint, one of the officers came up to the car and asked Flemons for his driver's license. Flemons stated that he did not have it with him, and the

officer instructed Flemons to move to the right shoulder.  Flemons pulled the car over, but as the officer approached it, he sped off.  These facts are sufficient to establish that Flemons knew that his immediate arrest or detention was being attempted by a duly authorized law–enforcement officer, and a challenge to the sufficiency of the evidence on the basis raised in the motion for directed verdict would have failed if raised on appeal.  *See* Ark. Code Ann. § 5-54-125(a) (Repl. 2016).

Finally, Flemons urges this court to reconsider its stance regarding cumulative error.  This court does not recognize cumulative error in allegations of ineffective assistance of counsel.  *Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757.  It is reversible error for the trial court to consider cumulative error in its analysis of claims of ineffective assistance of counsel under the *Strickland* test.  *State v. Hardin*, 347 Ark. 62, 60 S.W.3d 397 (2001).  A party asking this court to overrule a prior decision such as this has the burden of showing that our refusal to overrule the prior decision would result in injustice or great injury.  *Houghton*, 2015 Ark. 252, 464 S.W.3d 922.  Although Flemons contends that we have misinterpreted *Strickland*, he develops no argument in that regard.  As we did in *Houghton*, we decline to overrule our previous decisions on this issue for that reason.

Affirmed.

*Aaron A. Flemons*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee